UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL KEVIN MIKULEC,

                Plaintiff,

-vs-                       **No. 1:14-CV-01025 (MAT)**
                                       **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

---

## I. Introduction

Represented by counsel, Paul Kevin Mikulec ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in August 2011, plaintiff (d/o/b September 29, 1977) filed an application for DIB, alleging disability beginning March 4, 2011. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Donald McDougall ("the ALJ") on April 8, 2013. The ALJ issued an unfavorable decision on June 20, 2013. The

Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff satisfied the insured status requirements of the Act through December 31, 2016. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 4, 2011, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the severe impairments of morbid obesity, asthma, and lumbar spine disorder. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), "with the following limitations: [he] must be able to change positions every half-hour; [he] cannot be exposed to extremes of pulmonary irritants; [he] can only occasionally climb, balance, kneel, stoop, crouch or crawl; and, [he] can never climb ladders, ropes, or scaffolds." T. 13-14. At step four, the ALJ found that plaintiff was incapable of performing past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national

economy that he could perform. Accordingly, the ALJ found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Shaw v. Chater</u>, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Development of the Record**

Plaintiff contends that the ALJ failed to fully develop the medical record. Specifically, plaintiff argues that because his primary care physician, Dr. Sukhwinder Kodial, was referenced in several treatment notes from other medical sources, the record was necessarily incomplete because it did not contain any treatment notes from Dr. Kodial. The record reveals, as plaintiff contends, that Dr. Kodial was carbon-copied on a handful of notes in the medical record. Plaintiff testified, and the record reflects, that he treated primarily with Dr. George Haddad through approximately July 2012, when he switched to Dr. Kodial for primary care. Plaintiff testified that he saw both primary physicians primarily for pain medication, and that he changed care to Dr. Kodial because Dr. Haddad required him to come in monthly in order to renew a pain

3

medicine prescription, whereas Dr. Kodial did not require visits of such frequency.

The Commissioner argues that the ALJ possessed a complete medical history of plaintiff, and the Court agrees. The information in the medical record provides a longitudinal picture of plaintiff's conditions and medical care. The medical record includes full treatment notes from neurosurgeon Dr. Elad Levy and his nurse practitioner ("NP") Laura Mason, treatment notes as well as a medical opinion from primary care physician Dr. Haddad, and a consulting examining opinion from state agency physician Dr. Donna Miller. The only references to Dr. Kodial that appear in the record are treatment notes either addressed to, or carbon-copied to, his office. There is no indication in the record that these treatment notes would shed any additional light on plaintiff's conditions than already revealed by the complete medical record, which significantly included treatment notes from plaintiff's primary care physician, Dr. Haddad, for the bulk of the relevant time period.

Accordingly, the Court finds that this record was complete with "no obvious gaps," and therefore the ALJ was "under no obligation to seek additional information in advance of rejecting [plaintiff's] benefits claim." Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks omitted). "Even though the ALJ has an affirmative obligation to develop the record, it is the plaintiff's burden to furnish such medical and other evidence

4

of disability as the Secretary may require." <u>Long v. Bowen</u>, 1989 WL 83379, *4 (E.D.N.Y. July 17, 1989) (internal citations omitted). Under these circumstances, the ALJ did not err in failing to obtain treatment records from Dr. Kodial. See <u>Lozama v. Colvin</u>, 2016 WL 1259411, *4 (N.D.N.Y. Mar. 30, 2016) (finding that ALJ did not err in failing to obtain primary care physician's records where "the evidence of record was sufficiently complete for the ALJ to make an informed decision") (citing 20 C.F.R. § 404.1512(d); <u>Rosa</u>, 168 F.3d at 79 n.5)).

    **B.    Opinion of Nurse Practitioner**

Plaintiff contends that the ALJ erred in giving "great" weight to an opinion from NP Mason, who was involved in plaintiff's treatment at Dr. Levy's office. This "opinion" is contained within an October 26, 2011 treatment note, which is signed by NP Mason, but not by Dr. Levy. In the note, NP Mason recorded that plaintiff's physical examination showed full strength in the lower extremities, a normal gait, a healed incision from a prior back surgery, and an ability to stand on tiptoes and heels. NP Mason opined that plaintiff should be limited to "light duty with no lifting greater than 25 [pounds] and no excessive bending, twisting, turning, pushing, or pulling." T. 319. She noted that plaintiff was "anxious to return to work, . . . [and] [i]f there is a light duty position that would be perfect." <u>Id.</u> The note indicates that she would see plaintiff back in Dr. Levy's office in six months.

Plaintiff points out that the ALJ mistakenly referred to this opinion as being from Dr. Levy, but in fact the opinion came from NP Mason and was not signed by Dr. Levy. Because of this mistake, plaintiff contends, the ALJ erred in giving NP Mason's opinion great weight. In effect, plaintiff argues that the ALJ erroneously applied the treating physician rule, see 20 C.F.R. § 404.1527(c), to NP Mason's opinion.

Plaintiff's argument is flawed for several reasons. First, the ALJ gave only "great" – but not "controlling" – weight to NP Mason's opinion. Thus, NP Mason's opinion was considered in the ALJ's overall decision and RFC finding, but did not *control* his finding. Thus, the ALJ did not give undue deference to NP Mason's "other source" opinion, see 20 C.F.R. § 404.1513(d)(1), by mistakenly applying the treating physician rule to the opinion.

Second, although the ALJ erroneously ascribed the opinion to Dr. Levy, he gave the opinion great weight because it was "consistent with the objective evidence in the record." T. 17. As NP Mason was an "other source" under the regulations, it was appropriate for the ALJ to consider her opinion and to assign it great weight where it was consistent with other substantial evidence of record, including treatment notes from Dr. Levy's office which indicated that plaintiff's physical examinations were relatively unremarkable and his condition was noted as improving over time. See, e.g., T. 237, 249, 267, 306. Opinions from Drs. Haddad and Miller were also consistent with NP Mason's opinion. See

6

SSR 06-03p, 2006 WL 2329939, at *4 (noting that in weighing an opinion from an "other source," the ALJ should consider "[h]ow consistent the opinion is with other evidence"); Brown v. Colvin, 2014 WL 1679761, *5 (W.D.N.Y. Apr. 28, 2014) ("[A]s a nurse practitioner and 'other source' opinion, the assessment by that practitioner is entitled to some weight especially where there is a treatment relationship with plaintiff[.]").

Finally, Dr. Levy's treatment records indicate that he and NP Mason treated plaintiff jointly, and therefore the record makes clear that NP Mason enjoyed an extensive treatment relationship with plaintiff. See, e.g., Williams v. Comm'r of Soc. Sec., 2016 WL 1271486, *7 (N.D.N.Y. Mar. 31, 2016) ("It was proper for the ALJ to give great weight to [the nurse practitioner's] opinions because even though she was not an acceptable medical source, she . . . had an extensive history and relationship as [p]laintiff's primary treatment provider.") (citing SSR 06-03p (noting that factors to be considered when evaluating the opinion of a source who is not an acceptable medical source are the degree to which the source presents relevant evidence to support her opinion and whether the source has a specialty related to the claimant's impairment)). Accordingly, the Court finds that the ALJ's mistaken attribution of NP Mason's opinion to Dr. Levy was not significant. Moreover, substantial evidence supported his decision to give the opinion great weight.

**C. RFC Finding**

Plaintiff contends that the ALJ's RFC finding is unsupported by substantial evidence, arguing specifically that the ALJ did not have a basis for imposing the sit-stand option that "[plaintiff] must be able to change positions every half-hour." T. 13. As the Commissioner points out, plaintiff's brief appears to place him "in the unusual position of arguing that the ALJ's RFC determination was erroneous because it took *too narrow* a view of [p]laintiff's functional capacity." Doc. 13-1 at 16 (emphasis added). However, plaintiff's argument effectively maintains that the RFC was unsupported by substantial evidence *even in the absence of a sit-stand option*, because the sit-stand option advocated by plaintiff would be more restrictive and thus significantly erode the occupational base of work.

The Court finds that substantial evidence supports the sit-stand option incorporated into the ALJ's RFC finding. First, the medical opinions of record provided substantial evidence supporting the RFC. As noted above, NP Mason's opinion indicated that plaintiff was (at least at the time of her October 26, 2011 treatment note) restricted to light work "with no lifting greater than 25 lbs and no excessive bending, twisting, turning, pushing, or pulling." T. 319. Dr. Miller's consulting opinion as well as Dr. Haddad's treating opinion also supported a finding that plaintiff could perform light work with the restrictions outlined by the ALJ. Significantly, Dr. Haddad reported that plaintiff could sit for one hour at a time, without interruption. Second, plaintiff himself

8

testified that he could sit for a period of 30 to 45 minutes before needing to change positions. Accordingly, the Court finds that the ALJ's RFC finding, including the sit-stand option, was supported by substantial evidence of record.

**V.   Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (doc. 9) is denied and the Commissioner's motion (doc. 13) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the complaint is dismissed in its entirety with prejudice.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 27, 2017
         Rochester, New York.